BROWNSTEIN HYATT FARBER SCHRECK, LLP
Jonathan C. Sandler, Bar No. 227532
jsandler@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Telephone: 310.500.4600
Facsimile: 310.500.4602

Attorneys for Defendant
ADVANCED MICRO TARGETING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO TARGETING, INC.; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.<br><br>[Alameda Superior Court Case No. RG20069225]<br><br>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendant ADVANCED MICRO TARGETING, INC. ("AMT" or "Defendant"), hereby removes to this Court the state court action described below, and in support thereof state as follows:

Pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, AMT removes the above-referenced action from the Superior Court of the State of California, for the County of Alameda, Case No. RG20069225, to the United States District Court, for the Northern District of California. Federal jurisdiction of this action is proper on the basis of diversity jurisdiction. Removal is based on the following grounds:

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

**Timeliness of Removal**

1. On July 29, 2020, Plaintiff JANE DOE ("Plaintiff"), on behalf of herself and all similarly situated individuals, filed a Complaint in the County of Alameda, Superior Court of the State of California, styled JANE DOE, on behalf of herself and all similarly situated individuals v. ADVANCED MICRO TARGETING, INC., and Does 1 to 20, inclusive, which was assigned Case Number RG20069225 ("State Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. AMT, was served with a copy of the Summons and First Amended Complaint, via Notice and Acknowledgment of Receipt which was executed and returned on September 4, 2020. A true and correct copy of the executed Notice and Acknowledgment of Receipt is attached hereto as Exhibit B.

3. Because fewer than thirty (30) days have passed since AMT was served with Plaintiff's Complaint, this notice is timely under 28 U.S.C. § 1446(b).

**Parties**

4. Plaintiff is an individual residing in California. (Ex. A, ¶11). For the purpose of diversity of citizenship, an individual is domiciled where she is a resident. See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Accordingly, Plaintiff is a resident of California for the purpose of diversity.

5. AMT is a Nevada Corporation with its principal place of business in Dallas, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Thus, AMT is a citizen of Nevada and Texas for the purpose of diversity.

6. The citizenship of the fictitious defendants listed in paragraph 19 of the Complaint, Does 1 to 20, does not affect removal. Indeed, "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. § 1441(b)).

7. The citizenship of unnamed putative class members is also disregarded for the purposes of diversity. *Holt v. Noble House Hotels & Resort, Ltd.*, No. 17CV2246-MMA (BLM), 2018 WL 539176, at *3 (S.D. Cal. Jan. 23, 2018).

8. Because Plaintiff is a citizen of California, and because AMT is a citizen of Nevada and Texas, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a).

9. When, as here, the plaintiff fails to specify in her complaint the total amount of the monetary relief sought, the defendant is required to provide only a plausible basis that the amount in controversy exceeds the jurisdictional limit set forth in 28 U.S.C. § 1332. *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *2 (S.D. Cal. July 1, 2020). Importantly, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In other words, "the amount in controversy reflects ***the maximum recovery the plaintiff could reasonably recover***." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis added).

10. Further, "a court ***must*** include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added). While a court may not attribute all of the attorneys' fees incurred in a putative class action to the named-plaintiff, the court must nevertheless include all attorneys' fees incurred prospectively to determine if the amount in controversy is satisfied, and apportion a pro-rata share of those fees to prosecuting the named-plaintiff's claims. *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1366–67 (9th Cir. 1982).

11. Here, it is almost certain that, if Plaintiff prevails on her five claims and recovers the relief she seeks, including restitution, actual damages, an award for serving as a class representative, and attorneys' fees, her recovery is going to exceed the $75,000 jurisdictional threshold. Significantly, if successful, Plaintiff would be entitled to her attorneys' fees under certain of the causes of action. It is reasonable to infer that Plaintiff will seek a class representative award if she is named class representative. Viewed in their totality, Plaintiff's

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

restitution, actual damages, award for serving as class representative, and share of attorneys' fees, if successful, likely will exceed $75,000.

12. Although AMT denies that it engaged in the improper conduct alleged by Plaintiff and avers that it will prevail on the merits, it is at the very least plausible that Plaintiff will recover more than $75,000. Indeed, Plaintiff's actual damages, restitution, and class award alone may exceed $75,000.

13. For these reasons, removal of the State Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 is proper.

**Additional Pleadings and Hearings**

14. True and correct copies of the Summons, Civil Action Cover Sheet, Notice of Posting Jury Fees, Notice of Hearing re Complex Determination Hearing and Case Management Conference, Minutes of September 22, 2020 continuing Complex Determination Hearing to October 20, 2020, Notice of Change of Address of Attorney for Plaintiff Jane Doe, and Proof of Service-Civil re Notice of Change of Address of Attorney for Plaintiff Jane Doe are attached as Exhibit C.

15. Judge Brad Seligman initially set a Complex Determination Conference for September 22, 2020 in Department 23, but continued the hearing to October 20, 2020 at 9:00 a.m. in the same department. Judge Brad Seligman set a Case Management Conference for November 10, 2020 at 3:00 p.m. in Department 23. *See* Ex. C. No other hearings or proceedings have been scheduled and no further orders have been entered by the State Court.

**Proper Court**

16. Removal to this Court is proper under 28 U.S.C. Section 1441(a) because the Superior Court of California, in and for the County of Alameda, is geographically located within this Court's district and division.

**Notice**

17. AMT is serving a copy of this Notice of Removal on all adverse parties (*i.e.* Plaintiff via its counsel) and is filing a copy with the clerk of the state court pursuant to 28 U.S.C.

Section 1446(d). A true and correct copy of the Notice to Plaintiff of Removal (without exhibits) is attached to this Notice as Exhibit D.

**Signature**

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. Section 1446(a).

19. By removing on the basis of diversity jurisdiction, AMT does not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages, or that they have a valid cause of action. AMT denies many of the material allegations contained in the Complaint.

WHEREFORE, AMT respectfully removes the State Action from the state court in which it was filed to the United States District Court, in and for the Northern District of California, and further request that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that AMT may be entitled to receive.

Dated: October 5, 2020

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Jonathan C. Sandler
JONATHAN C. SANDLER
Attorneys for Defendant
ADVANCED MICRO TARGETING, INC.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Brownstein Hyatt Farber Schreck, LLP, 2049 Century Park East, Suite 3550, Los Angeles, California 90067. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On October 5, 2020, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

in a sealed envelope, postage fully paid, addressed as follows:

Michael M. Astanehe
ASTANEHE LAW
201 Mission Street, 12th Floor
San Francisco, CA 94105
Phone: 415.226.7170
Fax: 415.462-1732
462-1732
415.462-1732
Email: mastanehe@astanehelaw.com

*Attorneys for Plaintiffs*
JANE DOE, on behalf of herself and
all others similarly situated

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 5, 2020, at Los Angeles, California.

Patricia Cormier Herron