# EXHIBIT A

22253216

Michael M. Astanehe, SBN 312965
**ASTANEHE LAW**
71 Stevenson Street, Suite 400
San Francisco, California 94105
Phone: (415) 226-7170 I Fax: (415) 462-1732
Email: mastanehe@astanehelaw.com

Attorney for Plaintiff and the Proposed Plaintiff Class

FILED
ALAMEDA COUNTY
JUL 29 2020
CLERK OF THE SUPERIOR COURT
By ______ Deputy

JUL 29 REC'D

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**UNLIMITED JURISDICTION**

JANE DOE, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

ADVANCED MICRO TARGETING, INC.; and,
DOES 1 to 20, inclusive,

Defendants.

Case No.: RG20069225

**COMPLAINT FOR:**
1. **NEGLIGENCE;**
2. **EMPLOYMENT DISCRIMINATION IN VIOLATION OF FEHA;**
3. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;**
4. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW; AND,**
5. **DECLARATORY & INJUNCTIVE RELIEF.**

**DEMAND FOR JURY TRIAL**

Plaintiff JANE DOE ("DOE"), on behalf of herself and on behalf of the people of the State of California and on behalf of other members of the classes as defined below or as others similarly situated, brings this action against Defendant ADVANCED MICRO TARGETING, INC. ("ADVANCED"), based upon personal knowledge as to herself and her acts, and as to all other matters upon information and belief, and based upon, *inter alia*, the investigations of counsel and the facts that are a matter of public record:

**<u>INTRODUCTION</u>**

1. This is a class action under California Code of Civil Procedure section 382 and/or a representative action brought pursuant to Business & Professions Code section 17200, *et seq.*, ("UCL") on behalf of the State of California and all individuals who submitted employment applications to Defendant ADVANCED in the State of California during the Class Period.

2. Plaintiff DOE brings this action on behalf of herself, as a class representative for the Class Members, and acting a representative plaintiff under the UCL, and on behalf of other persons similarly situated, against Defendant ADVANCED for: (1) their failure to adhere the California Fair Employment & Housing Act ("FEHA"); (2) their failure to adhere to Business & Professions Code section 17200, *et seq.*; and, (3) their failure to adhere the California Constitution, Article I, Section 8. As a result of the foregoing, Defendant ADVANCED has violated California statutory laws as described below and discriminated against thousands of applicants who applied for work in the State of California. The action is brought on behalf of Plaintiff DOE and all other persons who submitted employment applications to Defendant ADVANCED for Class Positions in the State of California during the Class Period ("Class Applicants"). Class Persons are sometimes referred to as "Class Members," and "others similarly situated."

3. Class Period is defined as July 29, 2017 to the present, and until Defendant ADVANCED complies with the law.

4. Class Positions are defined as all positions offered for employment in the State of California during the Class Period, except for positions exempt due to state or federal law.

5. Class Members includes any person who submitted an employment application to Defendant ADVANCED, or their agents, for a Class Position from July 29, 2017 to the present, and until Defendant ADVANCED complies with the law.

6. Throughout the Class Period, Defendant ADVANCED has maintained a policy and practice of: (1) Impermissibly inquiring into Plaintiff DOE and the Class Members' citizenship status on California Class Position employment applications and during the

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

employment qualification process in violation of FEHA's national origin, ancestry, and/or ethnicity discrimination protections; (2) Discriminating against Plaintiff DOE and the Class Members based on their national origin, ethnicity, and/or ancestry in violation of FEHA; (3) Impermissibly disqualifying Plaintiff DOE and the Class Members from entering and/or pursuing employment based on their national and/or ethnic origin in violation of the California Constitution; (4) Maintaining a discriminatory citizenship requirement that is a pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and Class Members based on national origin, ethnicity and/or ancestry in violation of FEHA; (5) Discriminating against Plaintiff DOE and Class Members based on national origin, ancestry, and ethnicity without any permissible defense; (6) Circulating and/or printing employment advertisements and listings for Class Positions that discriminated against Plaintiff DOE and the Class Members based on their national origin, ethnicity, and/or ancestry in violation of FEHA; and, (7) Failing to take all steps reasonably necessary to prevent discrimination against Plaintiff DOE and the Class Members based on national origin, ethnicity, and/or ancestry.

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

7. This Complaint challenges Defendant ADVANCED'S systemic illegal employment and employment qualification practices resulting in violations of FEHA, the UCL, and the California Constitution against Plaintiff DOE and the Class Members.

8. On information and belief, Defendants jointly and severally acted intentionally and with deliberate indifference and conscious disregard of Plaintiff DOE'S and the Class Members' rights by failing to comply with FEHA, the UCL, and the California Constitution.

9. Defendants have engaged in a system of willful and/or reckless disregard of FEHA, the UCL, and the California Constitution by creating and maintaining employment and employment qualification preferences, policies, practices, and procedures that knowingly deny California employment applicants the above stated rights and benefits.

10. Defendants' misconduct results in Defendants' unjust enrichment and an unfair business advantage over businesses that routinely adhere to the strictures of FEHA, the UCL, and the California Constitution.

## PARTIES

11. Plaintiff DOE is an adult individual residing in the State of California. She applied for employment within the State of California with Defendant ADVANCED during the Class Period. Specifically, Plaintiff DOE submitted to Defendant ADVANCED an online employment application for a Class Position in the State of California in July 2020.

12. Plaintiff DOE proceeds under a pseudonym because she fears retaliation and harm to her personal safety should she proceed under her name. She will disclose her identity to Defendant ADVANCED at the time it is served with the Summons & Complaint in this action. She is a transgender woman and emigrated to America from Singapore to escape discriminatory and harsh treatment by the government and a heightened risk of violence she faced due to her gender identity and gender expression.

13. Plaintiff DOE and the Class Members, have, and at all times pertinent, been deterred applicants and/or applicants who completed written employment applications for Class Positions in the State of California, which were covered by FEHA and the California Constitution. Defendant ADVANCED employs people in Class Positions throughout the State of California. Defendant ADVANCED has accepted more than 300 applications from Class Members and applicants during the Class Period.

14. Plaintiff DOE represents a group of employment applicants and deterred applicants defined as: all deterred applicants and applicants who submitted employment applications for Class Positions in the State of California offered by Defendant ADVANCED from July 29, 2017 to the present, and until Defendant ADVANCED complies with the law.

15. Plaintiff DOE and the Class Members were and are the victims of Defendant ADVANCED'S unlawful policies, practices, and procedures complained of in this action in ways that deprived them of the rights guaranteed by FEHA, the UCL, and the

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

California Constitution. Plaintiff DOE and the Class Members are applicants and/or deterred applicants covered by FEHA and the California Constitution. 2 C.C.R. § 7286.5(h).

16. Plaintiff DOE brings this action on behalf of herself and a proposed class of all applicants who submitted or were deterred from submitting employment applications to Defendant ADVANCED for Class Positions in the State of California from July 29, 2017 to the present, and until Defendant ADVANCED complies with the law. Plaintiff DOE seeks recovery of all allowable damages, remedies, and other sums for the violations described herein, including penalties, actual damages, restitution, declaratory and injunctive relief, interest, attorney fees, and costs.

17. Defendant ADVANCED is, and at all times herein mentioned was, a political consulting and canvassing firm operating throughout the State of California. Defendant ADVANCED is authorized to operate and at all times operated in the County of Alameda, State of California.

18. Defendant ADVANCED is a "person" as defined by California Labor Code section 18 and California Business & Professions Code section 17201. Additionally, Defendant ADVANCED is an "employer" as utilized by FEHA. Defendant ADVANCED accepts employment applications for work throughout the State of California, including in Alameda County.

19. Defendant ADVANCED and DOES 1 through 20 are sometimes collectively referred to herein as "Defendants."

20. Plaintiff is ignorant of the true names and capacities of defendants named in this complaint as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is further informed and believes, and alleges, that each of these fictitiously named defendants, at all relevant times, is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff, and the Class Members, injuries as alleged were proximately caused by the illegal employment and

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

employment qualification preferences, practices, procedures, wrongs, and injuries complained of in this complaint.

21. Plaintiff is informed and believes and alleges that the defendants sued herein, including those fictitious defendants sued as DOES 1 through 20, are the agents, servants, and/or employees of each of the other defendants and in doing the things hereinafter alleged, were acting in the course and scope of said agency and/or employment.

22. At all pertinent times, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership, and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership, and common enterprise.

23. At all pertinent times, all Defendants acted as agents of all other Defendants in committing the alleged acts.

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

**JURISDICTION & VENUE**

24. Jurisdiction and venue in this Court are proper because Defendant ADVANCED operates in County of Alameda, State of California. Plaintiff DOE and the Class Members applied for employment in County of Alameda, State of California. As such, the unlawful practices, preferences, and procedures were committed in County of Alameda, State of California. Further, Defendant ADVANCED employs a substantial number of employees in County of Alameda, State of California, and Defendant ADVANCED has systematically and continuously conducted business in the County of Alameda, State of California.

25. This Court has jurisdiction over Plaintiff DOE'S and the Class Members' claims for violations of the FEHA since the unlawful discrimination occurred in County of Alameda, State of California. This Court has jurisdiction over Plaintiff DOE'S and the Class Members' claims for restitution arising from Defendants' unlawful business practices under Business & Professions Code sections 17203 and 17204.

26. Damages sought are within the Court's jurisdiction. Venue is proper in County of Alameda, State of California under California Code of Civil Procedure sections 393 and 395.5 because the unlawful practices occurred in County of Alameda, liability arose, and the breach occurred in County of Alameda, State of California. Additionally, Defendant ADVANCED transacts business in County of Alameda, State of California. Venue is also proper in the County of Alameda pursuant to California Government Code section 12965(b) as the unlawful practices and acts were committed within the county.

27. Since Defendant ADVANCED is not qualified to do business in the State of California, yet operates throughout the state, Plaintiff DOE and the Class Members may venue this action in any county in the State of California, including the County of Alameda. Thus, venue is proper in the County of Alameda, State of California.

## FACTUAL ALLEGATIONS

28. Defendant ADVANCED engages in political consulting and canvassing throughout the State of California, including in the County of Alameda.

29. Defendant ADVANCED lists employment opportunities for Class Positions in California online, utilizing various websites and platforms such as Indeed.com, SimplyHired.com, and Monster.com, to attract applicants. Interested applicants submit written applications either using the aforementioned websites, via email at hiring@amtpolitics.com, via mail, or by telephone. Once Defendant ADVANCED receives the applications, the company schedules phone or in-person interviews with prospective candidates.

30. On approximately July 17, 2020, Plaintiff DOE submitted an online employment application to Defendant ADVANCED to work as a political canvasser. This job engendered travel throughout California. Plaintiff DOE met all of the requirements for the entry-level position, except for one: Defendant ADVANCED required applicants to "be a US Citizen." Although she is authorized for lawful employment within the United States, Plaintiff DOE is a permanent resident and a Singapore national. A true and

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

correct copy of Defendant ADVANCED'S employment listing for the Class Position is attached to this Complaint as **Exhibit A**.

31. On approximately July 22, 2020, Defendant ADVANCED contacted Plaintiff DOE to conduct an employment interview. During the interview, Defendant ADVANCED asked Plaintiff DOE if she was, "a U.S. citizen, and not just a permanent resident." Plaintiff DOE replied that she was not. Although she was a permanent resident from Singapore, Plaintiff DOE made it clear that she was authorized to work in the United States. Without further inquiry, Defendant ADVANCED concluded the interview, stating, "Sorry, this job is for U.S. citizens only."

32. Later that day, Defendant ADVANCED denied employment to Plaintiff DOE.

33. On approximately July 23, 2020, Plaintiff DOE sent an email to Defendant ADVANCED asking Defendant to reconsider her for the position because, but for her lack of U.S. citizen, she was qualified for the position and authorized for lawful employment. Defendant ADVANCED did not reply to Plaintiff DOE'S email.

34. Purely due to its unlawful discriminatory citizenship requirement, Defendant ADVANCED did not hire Plaintiff DOE for an entry-level position she was otherwise qualified to perform.

35. Plaintiff DOE was not hired for a position she was otherwise qualified to perform because purely because of her citizenship.

36. Since suffering the employment disqualification, Plaintiff DOE has encountered additional listings for Defendant ADVANCED'S other California Class Positions – all containing an identical U.S. Citizen requirement – but she has been deterred from applying due to the listings' discriminatory specifications.

37. As of the date of this Complaint, Defendant ADVANCED has not provided Plaintiff DOE with the reason for the employment denial of the Class Position, a position for which Plaintiff DOE is otherwise qualified.

38. During the Class Period, Defendant ADVANCED has disseminated, published, and/or circulated marketing and advertising materials and listings directly expressing

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

that persons who are not U.S. citizens will not be considered for employment in Class Positions within the State of California. Defendant ADVANCED'S unlawful practices, preferences, and procedures in automatically denying non-U.S. citizens from employment is a pretext for discrimination and/or has the purpose or effect of discriminating against applicants based on their national origin, ancestry, and/or ethnicity. Defendant ADVANCED lacks a reason for its unlawful practices, preferences, and procedures.

39. Defendant ADVANCED engages in a pattern of not adhering to FEHA, the UCL, and the California Constitution. Plaintiff DOE and Class Members are systematically excluded from Class Positions in the State of California due to their national origin, ancestry, and/or ethnicity when applying for work with Defendant ADVANCED.

## PLAINTIFF DOE EXHAUSTED HER ADMINISTRATIVE REMEDIES

40. Prior to filing this Complaint Plaintiff DOE timely filed an administrative charge with the California Department of Fair Employment & Housing, and received a right-to-sue letter. A true and correct copy of Plaintiff DOE'S right-to-sue letter is attached to this Complaint as **Exhibit B**.

## CLASS ACTION ALLEGATIONS

41. As to all representative and class claims requiring class action certification under California Code of Civil Procedure section 382, Plaintiff DOE brings this action on behalf of herself and as a class action on behalf of the following proposed class, the members of which have all been damaged by Defendant ADVANCED'S above-described conduct, and who are referred to herein as "Class Members." The proposed class satisfies the numerosity, commonalty, typicality, and superiority requirements under California Code of Civil Procedure section 382.

42. Plaintiff DOE seeks certification of a Class, which Plaintiff DOE is a member. The Class is defined as follows:

> **From July 29, 2017, until the present, and until Defendant ADVANCED complies with the laws, all persons who have been deterred from submitting California Class Position employment applications to Defendant ADVANCED due to their citizenship or persons who have or will submit California Class**



ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

**Position employment applications to Defendant ADVANCED who were or will be unlawfully disqualified from consideration for employment based on their citizenship.**

43. The Class are sometimes collectively referred to as "Class Members."

44. Plaintiff DOE is a member of the Class.

45. On information and belief, more than two-thirds of the members of the proposed class are California residents.

46. Excluded from each of the above classes is Defendant ADVANCED, including any entity in which Defendant ADVANCED has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant ADVANCED, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant ADVANCED. Also excluded are the judges and court personnel in this case, and any members of their immediate families.

47. The claims alleged in this Complaint on behalf of Plaintiff DOE and the Class Members are limited to claims arising out of California Class Position employment applications submitted to Defendant ADVANCED during the Class Period.

48. In violation of FEHA, the UCL, and the California Constitution, Defendant ADVANCED'S wrongful acts against Plaintiff DOE and the Class Members include, but are not limited to:

a. Impermissibly inquiring into Plaintiff DOE and the Class Members' citizenship status on California Class Position employment applications and during the employment qualification process in violation of FEHA's national origin, ancestry, and/or ethnicity discrimination protections;

b. Discriminating against Plaintiff DOE and the Class Members based on their national origin, ethnicity, and/or ancestry in violation of FEHA;

c. Impermissibly disqualifying Plaintiff DOE and the Class Members from entering and/or pursuing employment based on their national and/or ethnic origin in violation of the California Constitution;

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

d. Maintaining a discriminatory citizenship requirement without good cause that operates as a pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and Class Members based on national origin, ethnicity and/or ancestry in violation of FEHA;

e. Discriminating against Plaintiff DOE and Class Members based on national origin, ancestry, and ethnicity without any permissible defense;

f. Failing to take all steps reasonably necessary to prevent discrimination against Plaintiff DOE and the Class Members based on national origin, ethnicity, and/or ancestry;

g. Circulating and/or printing employment advertisements and listings for California Class Positions that discriminated against Plaintiff DOE and the Class Members based on their national origin, ethnicity, and/or ancestry in violation of FEHA, the UCL, and the California Constitution;

h. Failing to adhere to the UCL; and,

i. Failing to adhere to the California Constitution.

49. The aforementioned violations result from centralized policies and practices created by Defendant ADVANCED, and implemented on all applicants for California Class Positions during the Class Period.

50. This action has been brought and may properly be maintained as a class action consistent with California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation, and the proposed class is easily ascertainable.

a. Commonality: Plaintiff DOE and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting the individual Class Members, including:

1. Whether Defendant ADVANCED violated FEHA's national origin, ethnicity, and/or ancestry discrimination protections by impermissibly

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

inquiring into Plaintiff DOE and the Class Members' citizenship status on California Class Position employment applications and during the employment qualification process;

2. Whether Defendant ADVANCED discriminated against Plaintiff DOE and the Class Members based on their national origin, ethnicity, and/or ancestry in violation of FEHA;
3. Whether Defendant ADVANCED impermissibly disqualified Plaintiff DOE and the Class Members from entering and/or pursuing employment based on their national and/or ethnic origin in violation of the California Constitution;
4. Whether Defendant ADVANCED'S citizenship requirement for California Class Positions is a pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and the Class Members based on national origin, ethnicity, and/or ancestry in violation of FHEA;
5. Whether Defendant ADVANCED lack a permissible defense for discriminating against Plaintiff DOE and the Class Members based on their national origin, ethnicity and/or ancestry;
6. Whether Defendant ADVANCED circulated and/or printed employment advertisements and listings for California Class Positions that discriminated against Plaintiff DOE and the Class Members based on their national origin, ethnicity, and/or ancestry in violation of FEHA;
7. Whether Defendant ADVANCED failed to take all steps reasonably necessary to prevent discrimination against Plaintiff DOE and the Class Members based on national origin, ethnicity, and/or ancestry;
8. Whether Defendant ADVANCED violated Business & Professions Code section 17200 by failing to adhere to California laws and the California Constitution;

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

9. Whether Plaintiff DOE and the Class Members may obtain injunctive relief against Defendant ADVANCED under the UCL;
10. Whether Defendant ADVANCED has been unjustly enriched; and,
11. The nature of the relief, including equitable relief, to which Plaintiff DOE and Class Members are entitled.

b. Typicality. Plaintiff DOE'S claims are typical of the Class Members' claims. Plaintiff DOE and all Class Members sustained injuries and damages arising out of and caused by Defendant ADVANCED'S common course of conduct in violation of the laws as alleged herein. Plaintiff DOE'S claims are not subject to any unique defenses, nor does any interest of Plaintiff DOE in this litigation conflict with any of the Class Members;

c. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The class is so numerous that joinder of all members is impractical, if not impossible, insofar as, among other things, the total number of Class Members is on information and belief over 500 and the Class Members are geographically dispersed throughout the State of California. Membership in the class is easily ascertainable from application, and other records maintained by Defendant ADVANCED and through advertisements and notices micro-targeted to reach the Class Members;

d. Superiority of Class Action: This action is properly maintained as a class action because the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

parties to the adjudications and/or may substantially impede their ability to protect their interests adequately;

e. Adequacy of Representation: Plaintiff DOE is an adequate representative of the class in that her claims are typical of those of the other Class Members, and she has the same interests in the litigation of this case as the unnamed Class Members. Plaintiff DOE is committed to the vigorous prosecution of this case and has retained competent counsel experienced in class action litigation. She will protect class interests. Plaintiff DOE is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff DOE anticipates no management difficulties in this litigation;

51. Further, there will be no difficulty in the management of this action as a class action.

52. Damages for any individual class members are likely insufficient to justify the cost of individual litigation so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the class. Repeated individual litigation of the common issues shared by the class members would reduce the recovery amount available to each member.

53. Class certification is appropriate under California Code of Civil Procedure section 382 because Defendants have acted or refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the class as a whole.

54. Notice of this class action may be made to each Class Member by ordinary mail, using applicant lists obtained from Defendant ADVANCED. Plaintiff DOE intends to send notice to all Class Members to the extent required by California Code of Civil Procedure section 382. Plaintiff DOE contemplates that individual notice to be given to Class Members at such last known addresses by first class mail and email, informing them of the following:

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

a. The pendency of the class action, and the issues common to the class;

b. The nature of the action;

c. The right to "opt-out" of the action within a given time;

d. Their right to be represented by personal counsel and enter an appearance in the case; and,

e. Their right to share in any recovery in favor of the Class Members, and conversely to be bound by any judgment on the common issues, adverse to the Class Members.

**FIRST CAUSE OF ACTION FOR**

**NEGLIGENCE**

**(AGAINST ALL DEFENDANTS)**

55. Plaintiff DOE and the Class Members incorporate by reference the preceding paragraphs of the complaint as though fully set forth herein.

56. At all times herein, Defendant ADVANCED owed duties towards Plaintiff DOE and the Class Members, including without limitation, a duty to comply with all applicable state and local laws governing Plaintiff DOE and the Class Members' rights, a duty not to engage in harassing, discriminatory, and/or retaliatory conduct with respect to employment and hiring practices, and the duty to comply with FEHA and the California Constitution. CALIFORNIA GOVERNMENT CODE § 12940(k); 2 C.C.R. § 11023.

57. Defendant ADVANCED acted negligently and breached its duties towards Plaintiff DOE and the Class Members by committing the acts and engaging in the conduct alleged in this Complaint. All such prohibited acts and conduct caused emotional, and physical harm to Plaintiff DOE and the Class Members and deprived them of their legal rights.

58. Defendant ADVANCED violated the following state and local laws, among others:

a. The California Constitution, Article I, Section 8, prohibiting disqualification of a person from entering or pursuing employment because of, *inter alia*, national or ethnic origin;

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

b. The California Fair Employment & Housing Act, prohibiting employment and pre-employment discrimination based on, *inter alia*, national origin, ethnicity, and/or ancestry;

c. The California Fair Employment & Housing Act, requiring employers to take all steps reasonably necessary to prevent discrimination based on, *inter alia*, national origin, ethnicity, and/or ancestry;

d. Business & Professions Code section 17200 *et seq*., defining unfair competition and fraudulent business practices in the State of California.

59. These laws are designed to protect Plaintiff DOE and the Class Members from the very harm complained about herein. All of these laws were in effect at all relevant times in this Complaint.

60. Defendant ADVANCED'S violations of these laws were a substantial factor in causing Plaintiff DOE'S and the Class Members' harm.

61. Plaintiff DOE and the Class Members suffered from emotional distress including anguish, humiliation, embarrassment, hopelessness, shame, helplessness, and loss of enjoyment.

62. The emotional distress suffered by Plaintiff DOE and the Class Members was sufficiently severe than an ordinary person would have been unable to deal with it.

63. As a proximate result of Defendant ADVANCED'S breach of their duties, Plaintiff DOE and the Class Members suffered out-of-pocket costs, bodily injury, actual damages, attorney fees, consequential and incidental damages, and suffered mental and emotional distress.

//

//

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

**SECOND CAUSE OF ACTION FOR**

**EMPLOYMENT DISCRIMINATION IN VIOLATION OF**

**THE FAIR EMPLOYMENT & HOUSING ACT**

**(AGAINST ALL DEFENDANTS)**

**(GOVERNMENT CODE § 12900, ET SEQ.)**

64. Plaintiff DOE and the Class Members incorporate by reference the preceding paragraphs of the complaint as though fully set forth herein.

65. Under Government Code section 12926(d), employer is defined to encompass, "any person regularly employing five or more person, or any person acting as an agent of an employer, directly, or indirectly."

66. Under California Government Code section 12940 and 2 C.C.R. § 7286.5(h), employers are prohibited from discriminating against any employee or applicant due to, *inter alia*, national origin, ethnicity, and/or ancestry.

67. Plaintiff DOE and the Class Members are non-U.S. citizens and are thus members of a protected class based on their national origin, ethnicity, and/or ancestry.

68. Defendant ADVANCED employs more than five persons.

69. Here, Plaintiff DOE and the Class Members were applicants and either were deterred from submitting, submitted, or will submit employment applications to Defendant ADVANCED for a California Class Position during the Class Period.

70. As set forth above, Defendant ADVANCED'S unlawful practices, preferences, and procedures of automatically disqualifying non-U.S. citizens from employment pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and Class Members based on national origin, ethnicity and/or ancestry in violation of FEHA. Maintaining a discriminatory citizenship requirement operates as a pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and Class Members based on national origin, ethnicity and/or ancestry. As a result of this unlawful practice, preference, and procedure, Defendant ADVANCED has engaged in illegal, intentional discrimination based on national origin, ethnicity,

and/or ancestry. Despite knowledge of this unlawful practice, preference, and procedure, Defendant ADVANCED allowed the unlawful discrimination to continue.

71. Defendant ADVANCED does not have a permissible reason for allowing the unlawful discrimination based on national origin, ethnicity, and/or ethnicity to continue.

72. As a direct, legal and proximate result of Defendant ADVANCED's unlawful discrimination, Plaintiff DOE and the Class Members have suffered damages, including emotional distress, lost wages, actual damages, and other economic damages in an amount to be proven at trial.

73. Due to Defendant ADVANCED'S unlawful discrimination, Plaintiff DOE and the Class Members have incurred attorney fees and court costs. Pursuant to California Government Code section 12965(b), and resulting from Defendant ADVANCED'S unlawful discrimination, Plaintiff DOE and the Class Members are entitled to recover damages for economic harm and emotional distress, attorney fees, costs, and expert witness fees. Plaintiff DOE and the Class Members are also entitled to recover their attorney fees under California Code of Civil Procedure section 1021.5.

74. Defendant ADVANCED'S actions were ratified by managing agents, and were willful, malicious, fraudulent, and oppressive, and were committed with wrongful intent to harm and discriminate against Plaintiff DOE and the Class Members in conscious disregard of their rights. Plaintiff DOE and the Class Members are therefore entitled to recover punitive damages from Defendant ADVANCED in an amount according to proof at trial.

75. Plaintiff DOE exhausted her administrative remedies timely.

//

//

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

**THIRD CAUSE OF ACTION FOR**

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF**

**THE FAIR EMPLOYMENT & HOUSING ACT**

**(AGAINST ALL DEFENDANTS)**

**(CALIFORNIA GOVERNMENT CODE § 12940(K))**

76. Plaintiff DOE and the Class Members incorporate by reference the preceding paragraphs of the complaint as though fully set forth herein.

77. Under Government Code section 12926(d), employer is defined to encompass, "any person regularly employing five or more person, or any person acting as an agent of an employer, directly, or indirectly."

78. Under California Government Code section 12940(k), it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

79. Plaintiff DOE and the Class Members are non-U.S. citizens and are thus members of a protected class based on their national origin, ethnicity, and/or ancestry.

80. Defendant ADVANCED employs more than five people.

81. As set forth above, Defendant ADVANCED'S unlawful practices, preferences, and procedures of automatically disqualifying non-U.S. citizens from employment pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and Class Members based on national origin, ethnicity and/or ancestry in violation of FEHA. Maintaining a discriminatory citizenship requirement operates as a pretext for discrimination and/or has the purpose and effect of discriminating against Plaintiff DOE and Class Members based on national origin, ethnicity and/or ancestry. As a result of this unlawful practice, preference, and procedure, Defendant ADVANCED has engaged in illegal, intentional discrimination based on national origin, ethnicity, and/or ancestry. Despite knowledge of this unlawful practice, preference, and procedure, Defendant ADVANCED allowed the unlawful discrimination to continue.

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

82. Consequently, Defendant ADVANCED failed to provide Plaintiff DOE and the Class Members with protections required under FEHA by not taking immediate and sufficient action to correct the discrimination directed at non-citizens.

83. Even when confronted with Plaintiff DOE'S request for reconsideration, Defendant ADVANCED failed to take any reasonable steps necessary to prevent and rectify its unlawful discrimination based on her national origin, ethnicity, and/or ancestry.

84. As a direct, legal and proximate result of Defendant ADVANCED's failure to prevent the unlawful discrimination, Plaintiff DOE and the Class Members have suffered damages, including emotional distress, lost wages, actual damages, and other economic damages in an amount to be proven at trial.

85. Due to Defendant ADVANCED'S failure to prevent the unlawful discrimination, Plaintiff DOE and the Class Members have incurred attorney fees and court costs. Pursuant to California Government Code section 12965(b), and resulting from Defendant ADVANCED'S unlawful discrimination, Plaintiff DOE and the Class Members are entitled to recover damages for economic harm and emotional distress, attorney fees, costs, and expert witness fees. Plaintiff DOE and the Class Members are also entitled to recover their attorney fees under California Code of Civil Procedure section 1021.5.

86. Defendant ADVANCED'S actions were ratified by managing agents, and were willful, malicious, fraudulent, and oppressive, and were committed with wrongful intent to harm and discriminate against Plaintiff DOE and the Class Members in conscious disregard of their rights. Plaintiff DOE and the Class Members are therefore entitled to recover punitive damages from Defendant ADVANCED in an amount according to proof at trial.

87. Plaintiff DOE exhausted her administrative remedies timely.

//

//

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

**FOURTH CAUSE OF ACTION FOR VIOLATION OF**

**THE CALIFORNIA UNFAIR COMPETITION LAW**

**(AGAINST ALL DEFENDANTS)**

**(BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*)**

88. Plaintiff DOE and the Class Members incorporate by reference the preceding paragraphs of the complaint as though fully set forth herein.

89. Plaintiff DOE brings this cause of action on behalf of herself and others similarly situated, seeking restitution and disgorgement of all profits from unlawful conduct as described above, including interest thereon, for the four years preceding the filing of this Complaint.

90. California Business and Professions Code section 17220 ("Unfair Competition Law") defines unfair competition to include, "unlawful, unfair, or fraudulent business practice," and consists of any business practice that is forbidden by law. As elaborated upon above, Defendant ADVANCED violated several provisions of FEHA and the California Constitution, Article I, Section 8. By automatically disqualifying non-U.S. citizen applications from positions they were otherwise qualified to perform, Defendant ADVANCED unlawfully deprived Plaintiff DOE and the Class Members of their right to apply for and work in California free from discrimination based on their national origin, ancestry, and/or ethnicity. As a result, Defendant ADVANCED violated and deprived Plaintiff DOE and the Class Members of statutory rights.

91. Defendant ADVANCED is an employer doing business in California.

92. Defendant ADVANCED violated several provisions of FEHA, the accompanying regulations, and the California Constitution, Article I, Section 8.

93. By the aforementioned conduct, Defendant ADVANCED has engaged in unlawful, unfair, and fraudulent business practices with the intent to injure Plaintiff DOE and the Class Members in violation of Business & Professions Code section 17200 *et seq.*

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

94. Plaintiff DOE brings this action as a UCL representative action on behalf of similarly situated applicants.

95. As a result, Defendant ADVANCED has gained economic benefit to which it is not entitled, to Plaintiff DOE and the Class Members' detriment.

96. As a result of Defendant ADVANCED'S unfair business practices, Plaintiff DOE and the Class Members suffered damages, including but not limited to statutory damages.

97. As a result of Defendants' unfair business practices, Plaintiff DOE, individually and on behalf of similarly situated applicants, and Class Members, seek remedies, including but not limited to statutory damages of $2,500 per unfair business act, an additional $2,500 enhanced damage for seniors or disabled Class Members, disgorgement, and actual damages in an amount according to proof at trial.

98. Plaintiff DOE, individually and on behalf of similarly situated applicants, and the Class Members seek reasonable attorney fees and costs under applicable laws, including California Code of Civil Procedure section 1021.5 and California Business & Professions Code section 17200.

## FIFTH CAUSE OF ACTION FOR INJUNCTIVE & DECLARATORY RELIEF

**(AGAINST ALL DEFENDANTS)**

99. Plaintiff DOE and the Class Members incorporate by reference the preceding paragraphs of the complaint as though fully set forth herein.

100. An actual controversy now exists between Plaintiff DOE & the Class Members and Defendant ADVANCED in that Plaintiff DOE & the Class Members contend: Defendant ADVANCED violated, and continues violating, the California Constitution and FEHA by automatically impermissibly denying non-U.S. citizens from employment, that such automatic disqualification constitutes unlawful discrimination based on national origin, ethnicity, and/or ancestry, that Defendant ADVANCED unlawful and discriminatory practices violated the UCL, that Defendant ADVANCED failed to prevent

known discrimination, and that Defendant ADVANCED'S marketing materials and job listings violate FEHA & the California Constitution on similar grounds.

101. Defendant ADVANCED contends to the contrary and denies that it is obligated to fulfill those duties or that Plaintiff DOE & the Class Members have these rights.

102. By virtue of the above controversy, Plaintiff DOE and the Class Members seek a judicial declaration as to the above.

103. Plaintiff DOE & the Class Members seek all appropriate injunctive relief, including but not limited to, instituting policies, procedures, and training to ensure compliance with the UCL, FEHA, and the California Constitution. No previous application for this injunctive relief has been made to this Court.

104. If the Court does not grant this injunctive relief, Plaintiff DOE and the Class Members, which include all past and future applicants until Defendant ADVANCED corrects its unlawful practices, will be irreparably harmed.

105. No plain, adequate, or complete remedy at law is available to Plaintiff DOE and the Class Members to redress the wrongs addressed herein.

**DEMAND FOR JURY TRIAL**

106. Pursuant to California Code of Civil Procedure section 631, Plaintiff DOE demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays, for herself and the Class Members, for judgment against Defendants, and each of them as follows:

A. That this Court certifies the action as a class action under California Code of Civil Procedure section 382 and California Rules of Court Rule 3.764 and/or a representative action under Business & Professions Code section 17200, *et seq.*;

B. That the rights of class members be adjudicated and declared;

C. That Plaintiff DOE and the Class Members recover general and compensatory damages according to proof;

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

D. That Plaintiff DOE and the Class Members recover special damages according to proof;

E. That Plaintiff DOE'S and the representative plaintiffs' rights be adjudicated and declared;

F. For equitable relief enjoining Defendant ADVANCED from engaging in the wrongful conduct complained about herein pertaining to its statutory violations regarding its unlawful employment applications. At a minimum, this relief should include, a preliminary and a permanent injunction against Defendant ADVANCED and its directors, officers, owners, agents, successors, employees, contractors, and representatives, and any and all persons acting in concert with them, from engaging in any practices, preferences, and procedures that automatically disqualify non-U.S. citizens from employment;

G. Declare that the pattern or practice described above violates state law prohibiting unfair competition, unjust enrichment, unauthorized employment disqualifications based on the applicant's citizenship status;

H. For an award of punitive damages, including under Civil Code section 3294 and FEHA;

I. For emotional distress damages under applicable causes of action;

J. For equitable relief requiring restitution and/or disgorgement of the profits wrongfully retained as a result of Defendant ADVANCED'S wrongful conduct;

K. For statutory penalties;

L. For a civil penalty for each unfair violation;

M. For costs of the instant lawsuit;

N. For prejudgment and post-judgment interest;

O. That Plaintiff DOE recover costs of suit and that Plaintiff DOE'S and the Class Members' attorneys be awarded attorney fees and costs, as allowable by law, including, but not limited to, FEHA and California Code of Civil Procedure section 1021.5;

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

P. Plaintiff DOE requests a jury trial; and,

Q. For such other relief as the Court may deem just and proper.

Dated: July 29, 2020

ASTANEHE LAW

Michael M. Astanehe
Attorney for Plaintiff DOE and the Proposed Class

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

# EXHIBIT A

indeed Find jobs Company reviews Find salaries Employers / Post Job

# Political Canvassers Needed to Work on Campaigns Nationwide

Advanced Micro Targeting, Inc. - Fresno, CA
$120 - $150 a day

**Advanced Micro Targeting, Inc.**
30 reviews
Read what people are saying about working here.

Apply Now

Save this job

Copy link

Advanced Micro Targeting (AMT Politics) is hiring now! We are an award-winning political consulting firm with projects Nationwide.

We are currently hiring for Canvassers, Team Leaders, Regional Directors, and Project Managers to work on ***conservative*** political campaigns throughout the nationwide. This position does require traveling and working out of state. Please Note: We are known as America's Best Ground Game, and we believe the most important job in a campaign occurs in the field interacting with voters. Most positions are in the field, knocking on doors and interacting with voters. (We provide PPE and practice social distancing). Most managers spend the majority of their day in the field as well. This is **NOT** a remote or in-office position. Only candidates comfortable with travel and work outdoors should apply.

This is a great opportunity for those looking to get in on the ground floor of a very busy and exciting election cycle. Opportunities for rapid promotion are available for motivated candidates.

Whether you're looking to start a career in politics, campaign organizing, or if you're intrigued by the idea of talking to voters and learning the science of great campaigning this could be the job for you!

**Key Duties:**

- Willingness to travel to districts throughout the US. Travel and lodging expenses are paid for by the company.
- Willing and able to be on your feet walking or standing throughout the day.
- Outgoing: Comfortable talking to strangers at their door.
- Intelligent: Knowledge of current events is helpful.
- Listening & Writing Skills: The ability to ask questions, genuinely listen to the answers and write a brief recap of your conversation.
- Teamwork: Ability to work in a team environment – optimism is mandatory.
- Persuasion skills: Strong communication and social skills are a must.
- An interest in politics or experience canvassing on campaigns are appreciated, but not necessary.

Our staff has diverse professional and personal backgrounds. Many of us have been with AMT for over 10 years. If you're looking to join our AMT family or looking for a great summer job, this is the place for you.

Candidates with backgrounds in retail, sales, marketing, education, or political campaigns/canvassing excel here. Students of Political Science, Sociology, or Anthropology enjoys the work and appreciates our data collection methods. We provide thorough training and ongoing support for our team members.

**Before you apply, you must:**

**· Be 21 years of age or older.**

**· Be a US Citizen.**

**· Be able to pass a background check.**

**· Have a valid Driver's License or State issued I.D.**

**· Be honest, detail-oriented, and able to follow instructions.**

**· Be devoted to working in a team environment. Optimism is mandatory!**

We are moving through the interview process quickly. Call 214-535-6606 to schedule an online or in-person interview today.

**Pay Rates:**

Entry level: $120 - $150 per day.

Paid Health and Dental Insurance for all full-time employees.

*AMT is an equal opportunity employer. Our policy is to provide equal employment opportunities to all applicants for employment and employees, not to discriminate because of race, color, sex, age, religion, national origin, disability, marital status, veteran status, sexual orientation, gender identity or political affiliation.*

Job Type: Full-time

Pay: $120.00 - $150.00 per day

Benefits:

- Dental Insurance
- Health Insurance

Schedule:

- Monday to Friday
- Weekends

COVID-19 considerations:
COVID-19 considerations:

PPE equipment will be supplied, and proper precautions will be taken for the safety of each employee and the voters they engage with.

Education:

- High school or equivalent (Required)

Work authorization:

- United States (Required)

- 3 days ago - report job

If you require alternative methods of application or screening, you must approach the employer directly to request this as Indeed is not responsible for the employer's application process.

Canvasser jobs in Fresno, CA

Jobs at Advanced Micro Targeting in Fresno, CA

Canvasser salaries in Fresno, CA

© 2020 Indeed - Do Not Sell My Personal Information - Privacy Center - Cookies, Privacy and Terms

# EXHIBIT B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 28, 2020

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202007-10808229
Right to Sue: Doe / Advanced Micro Targeting, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 28, 2020

Jane Doe

,

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202007-10808229
Right to Sue: Doe / Advanced Micro Targeting, Inc.

Dear Jane Doe,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 28, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Jane Doe

DFEH No. 202007-10808229

Complainant,

vs.

Advanced Micro Targeting, Inc.
PO Box 803164
Dallas, Texas 75380

Respondents

---

1. Respondent **Advanced Micro Targeting, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jane Doe**, resides in the City of State of **.**

3. Complainant alleges that on or about **July 23, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions) and as a result of the discrimination was other, denied work opportunities or assignments.

**Additional Complaint Details:** 12. Plaintiff DOE proceeds under a pseudonym because she fears retaliation and harm to her personal safety should she proceed under her name. She will disclose her identity to Defendant ADVANCED at the time it is served with the Summons & Complaint in this action. She is a transgender woman and emigrated to America from Singapore to escape discriminatory and harsh treatment by the government and a heightened risk of violence she faced due to her gender identity and gender expression.
On approximately July 17, 2020, Plaintiff DOE submitted an online employment application to Defendant ADVANCED to work as a political canvasser. This job engendered travel throughout California. Plaintiff DOE met all of the requirements for the entry-level position, except for one: Defendant ADVANCED required

applicants to "be a US Citizen." Although she is authorized for lawful employment within the United States, Plaintiff DOE is a permanent resident and a Singapore national. A true and correct copy of Defendant ADVANCED'S employment listing for the Class Position is attached to this Complaint as Exhibit A.

30. On approximately July 22, 2020, Defendant ADVANCED contacted Plaintiff DOE to conduct an employment interview. During the interview, Defendant ADVANCED asked Plaintiff DOE if she was an American citizen. Plaintiff DOE replied that she was not, but that she was a permanent resident from Singapore, and was authorized to work in the United States. Without further inquiry, Defendant ADVANCED concluded the interview, stating, "Sorry, this job is for US citizens only."

31. Later that day, Defendant ADVANCED denied employment to Plaintiff DOE.

32. On approximately July 23, 2020, Plaintiff DOE sent an email to Defendant ADVANCED asking Defendant to reconsider her for the position because, but for her lack of U.S. citizen, she was qualified for the position and authorized for lawful employment. Defendant ADVANCED did not reply to Plaintiff DOE'S email.

33. Purely due to its unlawful discriminatory citizenship requirement, Defendant ADVANCED did not hire Plaintiff DOE for an entry-level position she was otherwise qualified to perform.

34. Plaintiff DOE was not hired for a position she was otherwise qualified to perform because purely because of her citizenship.

35. Since suffering the employment disqualification, Plaintiff DOE has encountered additional listings for Defendant ADVANCED'S other California Class Positions – all containing an identical U.S. Citizen requirement – but she has been deterred from applying due to the listings' discriminatory specifications.

VERIFICATION

I, **Michael M. Astanehe**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On July 28, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Francisco, California**

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

# PROOF OF SERVICE

***Doe v. Advanced Micro Targeting, Inc.***
***DFEH Case No. 202007-10808229***

I, Michael M. Astanehe, declare as follows:

I am an attorney at law duly licensed to practice in the State of California. I am the attorney of record for Plaintiff Jane Doe ("Plaintiff") in the above-titled action, and I have personal knowledge of each fact stated in this declaration.

My business address is: 71 Stevenson Street, Suite 400, San Francisco, California 94105.

Executed on July 28, 2020, at San Francisco, California, I served the foregoing document(s) as described as:

- Right-to-Sue Letter

to the following parties:

- Advanced Micro Targeting, Inc.

[ **x** ] By U.S. Mail. I deposited such envelope in the mail with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] By Personal Service. I caused such envelope to be delivered by hand via messenger service to the address above.

[ ] By Facsimile. I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 28, 2020

Michael M. Astanehe

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

## SERVICE LIST

Advanced Micro Targeting, Inc.
PO Box 803164
Dallas, Texas 75380

P || (214)-535-6606

**Respondent**